THE STATE, NATHAN S. CONOVER ET AL., PROSECUTORS, v. ADELINE H. BIRD ET AL.

1. Whenever the proceedings of a court of record are to be reviewed on *certiorari*, the record itself is the primary source of information as to those proceedings. If it be alleged that the statements of the record are not warranted by the actual facts which occurred or transpired before the court, or if some proceedings not stated in the record are to be shown, then a rule must be taken on the court to certify what those facts or proceedings were, and only when the court is unable to respond to such a rule, can the testimony of witnesses be invoked.

2. If the record avers that an application for the laying out of a road was made to the Court of Common Pleas in term time, three judges being present, it sufficiently indicates that the application was made in open court.

3. If, in response to a rule of this court, the judges of the Court of Common Pleas certify that, on an application for the appointment of surveyors to lay out a road, the court, without any reason, omitted to appoint the surveyors of highways in the township wherein the road was to be laid, the proceedings to lay out the road will be set aside.

---

On *certiorari*.

Argued at November Term, 1893, before Justices DIXON and ABBETT.

For the prosecutors, *Paul A. Queen* and *William M. Lanning*.

For the defendants, *William C. Gebhardt* and *Richard S. Kuhl*.

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up the proceedings taken on the application of the defendants, made to the Court of

Common Pleas of Hunterdon county, for the opening of a public road in the township of Union, under the General Road act. The reasons assigned for reversal of these proceedings relate chiefly to the action of the court in the appointment of surveyors to lay out the road. That action is questioned on several grounds—*first,* that the application was not presented in open court; *second,* that the court, without any reason, omitted to appoint as one of the surveyors Henry Everitt, who was a surveyor of highways in Union township, and *third,* that the court appointed as surveyors a brother-in-law of one of the applicants and an employe of another.

In support or denial of these objections there are laid before us three kinds of evidence—the records of the Court of Common Pleas returned with the *certiorari,* certificates of the judges of that court sent in answer to a rule of the Supreme Court, and the testimony of witnesses.

According to the settled practice of this court, and on principles affirmed by the Court of Errors, whenever the proceedings of a court of record are to be reviewed on *certiorari,* the record itself is the primary source of information as to those proceedings. If it be alleged that the statements of the record are not warranted by the actual facts which occurred or transpired before the court, or if some proceedings not stated in the record are to be shown, then a rule must be taken on the court to certify what those facts or proceedings were, and only when the court is unable to respond to such a rule can the testimony of witnesses be invoked. *Parsell* v. *Mann,* 1 *Vroom* 530; *Inhabitants of Oxford* v. *Brands,* 16 *Id.* 332; *South Brunswick* v. *Cranbury,* 23 *Id.* 298.

In the present case, therefore, whether the application was presented in open court, and whether the court had any reason for not appointing Henry Everitt, are questions on which the testimony of witnesses cannot be considered, unless the other species of evidence to contradict or supplement the record, by a rule to certify, has been exhausted in vain.

With respect to the objection that the court was not open when the application was presented, no rule to certify has

been taken, and consequently the matter must be decided by the record itself.

The statute (*Rev. Sup.*, *p.* 871) directs that the application shall be made " to the Inferior Court of Common Pleas of the said county, in open court." This phrase, " in open court," was introduced into the Road act, February 9th, 1818 (*Rev.* 1821, *p.* 615), the earlier acts (*Pat. L.*, *p.* 387 ; *Bloom. L.*, *p.* 238) not using these words. Since its introduction the phrase has remained in the statute. Why it was first employed, I have not been able to discover or conjecture, but I can ascribe no meaning to it other than that it emphasizes the distinction between the court in public session and one or more of the judges of the court exercising judicial functions in chambers. *English* v. *Bonham*, 3 *Gr.* 431 ; *Chadwick* v. *Reeder*, 4 *Harr.* 156.

The record avers that the application was made to the court, at a Court of Common Pleas held at Flemington, in and for the county of Hunterdon, of the term of September, 1891, three judges being present. We think these averments sufficiently indicate an open, public session of the court, such as the statute requires.

Concerning the objection that the court, without any reason, omitted to appoint one of the surveyors of highways of Union township, the order appointing surveyors to lay out the road, signed by the three judges, recites that regard was had to the appointment of the surveyors of the township where the said road was applied for to be laid. This is in the language of the statute (*Rev. Sup.*, *p.* 871), and, if uncontradicted, is sufficient. *State* v. *Van Buskirk*, 1 *Zab.* 86 ; *State* v. *Bergen*, *Id.* 342.; *Inhabitants of Oxford* v. *Brands*, 16 *Vroom* 332. But, in reply to a rule from this court directing the judges of the Common Pleas to certify what reasons, if any, were assigned before them against the appointment of both of the surveyors of highways in Union township, where the road was to be laid, and what reasons, if any, existed why they did not appoint both of said surveyors, two of the three judges who appointed the surveyors to lay out the road certify that at

the time of said appointment they did not know of any reason why both of the surveyors of Union township should not be appointed, and that no reasons were offered to them why they should not both be appointed, while the third judge certifies that reasons were offered to him, but he does not remember what reasons were offered, or what reasons existed, why both surveyors of Union township were not appointed.

These certificates are irregular. Although our rule was addressed to the judges of the Court of Common Pleas, yet it was addressed to them collectively, as constituting the court, and the response should have come from the court as a unit. But the certificates have been treated by the parties as legitimate, and the case has been presented to us on that basis. Consequently, and because these certificates no doubt embody the truth as it would be certified to us by the court itself, we will regard them as legally setting forth the facts according to which the recital in the order is to be tested.

The action of a majority of the judges is the action of the court. It therefore appears that the court, without any reason, omitted to appoint one of the surveyors of highways in Union township. This is contrary to the true intent of the statute. In *Parsell* v. *Mann*, 1 *Vroom* 530, the Court of Errors declared that the Court of Common Pleas is bound, as a legal necessity, to appoint the surveyors of the township through which the road is to run, unless it is to run through their lands, or unless the court, for some other reason, in the exercise of a sound discretion, shall think they ought not to be appointed (at *p.* 544), and that, if it legally appears to the Supreme Court that the judges of the Court of Common Pleas refused to exercise the discretion required by the statute, they will review and set aside their action (at *p.* 548). According to these views, when the Court of Common Pleas omitted to appoint the surveyors of Union township to lay out this road, without any reason which operated upon the minds of the judges, they acted in disregard of their legal duty, and that fact being now lawfully shown to us by the certificates of the judges, we must set aside their action.

This conclusion renders it unnecessary to pass upon the other reasons assigned for reversal.

Let the proceedings under review be set aside, with costs.