THE STATE, ROBERT FOWLER, PROSECUTOR, PLAINTIFF IN ERROR, v. ALBERT S. LARABEE ET AL., DEFEND-ANTS IN ERROR.

1. In the making of an alteration in a public road by surveyors of the highways appointed under the Road act, by vacating a part thereof and laying out a new road in lieu of the part vacated, a return of the surveyors that they had made an assessment of the damages to the respective owners of the land taken for the laying out of the aforesaid road laid out by them to take the place of the part of said road thereby vacated, was held to be defective and insufficient, as not conforming to the statute, which requires in such case that the assessment be made for the damages the landowner shall sustain by the altering of said road.

2. In such a proceeding, affecting as it does the rights of individuals, there must be a strict observance of statutory requirements.

3. Since the passage of the supplement to the Road act, approved March 12th, 1874, found in the General Statutes, page 2845, such defect is not necessarily fatal, but the Common Pleas may require the surveyors, who signed the return, to review their proceedings and make an amended return, correcting such defect in the assessment of the damages.

On error to the Supreme Court.    For opinion of Supreme Court, see 29 *Vroom* 314.

For the plaintiff in error, *Aaron E. Johnston.*

For the defendants in error, *Isaac W. Carmichael.*

The opinion of the court was delivered by

HENDRICKSON, J.    The writ of error in this case brings up for review an adjudication of the Supreme Court, affirming the proceedings of surveyors of the highways, appointed by the Court of Common Pleas of the county of Ocean, in making an alteration in a public road of said county. The alteration consists in vacating a part of the Toms River and Freehold road, beginning at a stake in the middle of said road at the village of Lakewood, and running in an easterly direction, about twenty-five hundred feet, to a stake in the middle of said road and there to end, and laying out a new road between said beginning and ending points, to take the place of the part so vacated. The alteration widens that part of the road from a width of two rods to a width of fifty feet, and changes the angle of the road somewhat, the new road running part of the way only over the bed of the part of the old road vacated.

The principal grounds upon which the validity of the proceedings was challenged in this court (several grounds advanced in the Supreme Court having been abandoned) are—*first*, that the assessments of damages according to the return are made to the respective owners for the land taken in the laying out of the aforesaid road, and not for the damages they would sustain by the alteration of the part of the road in question ; *second*, that the road as laid out invades a portion

of a dwelling-house; *third*, that the return altered and widened a public road in the village of Lakewood without the consent of three-fourths of the owners of the lots fronting on the same.

The court below, in dealing with the reasons filed in that court, held that the depositions taken in the cause, by which it was sought to explain, modify or contradict the return, would not be considered, because they were taken without the special authority necessary to validate them, referring to *Conover* v. *Bird*, 27 *Vroom* 228. In this ruling I find no error. It was further held by the court below that the reasons based upon allegations of fact *dehors* the record were not sustained by the proofs. Since this court can review on writ of error questions of law only, it is manifest that the assignments of error based upon such allegations of fact cannot be sustained.

This disposes of all the grounds of challenge to the proceedings below above mentioned except the first, as to the validity of the assessment.

The opinion below seems to be silent upon this point unless it be embraced, as was insisted by the plaintiff in error, in that paragraph which says " the questions raised by the first class of reasons are reviewable only by the statutory appeal by *caveat* and application for the appointment of freeholders." But however that may be, this question was properly raised upon the return itself as a part of the record, and was and is entitled to be heard and determined in the appellate tribunal.

The language of the statute (*Gen. Stat., p.* 2809, § 13) is " that whenever any public road or highway shall be laid out or altered by the surveyors, or a majority of them, mentioned in this act, the said surveyors shall immediately thereafter make an assessment of the damages, if any, the owner of any land or real estate other than the applicant or applicants for such road shall sustain by laying out or altering the same, over and above the advantage that will, in their judgment, accrue to said owner."

The return of the surveyors shows that the application in

this case was for an alteration in the public road aforesaid by vacating a part of said road and laying out a public road to take and fill the place of the part so vacated, and after reciting that on such application the court appointed the surveyors of the highways (naming them), and that they met and proceeded according to law, the return says: "And having viewed the premises, we whose names are hereto subscribed think and adjudge the said alteration in said public road to be necessary by vacating a part of said road and laying out a public road to take and fill the place of the part so vacated," &c., * * * "and the said public road hereby laid out running part of the way over the part of said road that is hereby vacated." In another part of said return the assessment of damages is described as follows: "And we do further return that we have made an assessment of the damages to the respective owners of the land taken for the laying out of the aforesaid road laid out by us to take the place of the part of said road hereby vacated, and do hereby assess in favor of Albert S. Larabee twenty-five cents for the damages he will sustain by the laying out of the road." The same language is used in assessing the damages of all the owners, including the plaintiff in error, who was the prosecutor in the court below. It thus appears that the language of the assessment in question restricts the damages to such loss as may arise to the owner of the land by the laying out of the road, and the necessary inference from such language is that the surveyors did not consider, in making the assessment, damages that might have arisen to the owner from the alteration of the said road, which is something more than the laying out of a new road. In the present case it involved the widening of the old road in some places, and in others a departure of the road laid out from the bed of the road vacated.

The counsel of the defendant in error insisted upon the argument that this seeming defect in the assessment is made good by a further paragraph of the return where it says: "And we do further return that we have taken into consideration the advantages that will accrue to said persons,

owners of the land as aforesaid, and have assessed the damages which they will sustain over and above such advantages." This additional paragraph is made necessary by the thirteenth section of the Road act cited above, which requires that the assessment shall be for such damages as the applicant shall sustain by the laying out of or the altering of a public road over and above the advantage that will accrue to said owner, and does not, as it seems to me, cover the difficulty. This last paragraph does not enlarge the scope of the damages as expressed in the assessment. It limits its application, both as to the advantages and the damages, to the " owners of the land as aforesaid," and in the previous clause the assessment describes these owners as " the respective owners of the land taken for the laying out of the aforesaid road," &c.

The principle which requires a strict observance of statutory requirements in proceedings like this is well stated by Chief Justice Hornblower in *State* v. *Van Geison et al.*, 3 *Gr.* 339, where he says that " a statutory proceeding affecting the rights of individuals, where what has been done is to be certified by the persons executing such special authority, or a record is to be made thereof, and such certificate or record is to conclude the rights of parties, it must appear upon the certificate or record that everything was done which the statute required."

Since the return of the road and the assessment of damages are in fact but one proceeding, where the assessment is illegal and void, the return of the road is also vitiated. *State, Kelley, pros.*, v. *Garretson et al.*, 3 *Zab.* 388.

But this defect in the return is not now necessarily fatal to the proceedings, for under the statute found in the General Statutes, page 2845, section 195, it has been held that the record may be remitted to the Court of Common Pleas and an order made, on motion of the applicants, requiring the surveyors who signed the return to review their proceedings and make an amended return, correcting, among other things, the errors and defects in the assessment of damages in their

former return. *Evers* v. *Vreeland,* 21 *Vroom* 386; *Field* v. *Field,* 9 *Id.* 290; *Kearsley* v. *Gibbs,* 15 *Id.* 169.

· The result is that the judgment below will be reversed and the record remitted, so that an order may be made remitting the proceedings to the Common Pleas, to be there set aside unless application be made to properly amend the return.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, GUMMERE, LUDLOW, MAGIE, BARKALOW, BOGERT, DAYTON, HENDRICKSON, NIXON.    12.