THE STATE, MARINUS HOUMAN, PROSECUTOR, v. THOMAS A. SCHULSTER.

1. On an application for license to keep an inn and tavern, the conclusions of the Court of Common Pleas on disputed questions of fact with regard to the location of the house and the qualifications of the persons signing the recommendation, cannot, if supported by competent evidence, be reversed on *certiorari*.
2. The evidence on such questions before the Court of Common Pleas cannot be laid before this court by stipulation of counsel without a prior rule on the Common Pleas to certify it.

---

On *certiorari*.

Argued at November Term, 1896, before Justice DIXON.

For the prosecutor, *William Nelson*.

For the defendant, *Robert I. Hopper*.

The opinion of the court was delivered by

DIXON, J.    The return made by the Court of Common Pleas of Passaic county in this case shows that an application for license to keep an inn and tavern in the township of Pompton was presented to the court in due form, accompanied by the prescribed recommendation signed by thirteen persons and by the affidavit of the applicant that at least twelve of those persons were reputable freeholders of the township, &c On this application the court, after several hearings at which witnesses were examined, granted the license.

The prosecutor, a resident and taxpayer of the borough of Pompton Lakes, now seeks to set aside the license, for the reasons that the inn was situate, not in the township, but in the borough which had been previously formed out of part of the township, and that there were not twelve of the signers who were freeholders either of the township or of the borough.

If the territory embraced within the borough does not constitute part of the township for the purposes of the Inn and Tavern act, then I think it is clear that this license, which is to keep an inn and tavern in the township, cannot legalize such a house in the borough. But whether the house intended to be licensed is in the borough, and whether the signers of the recommendation were competent persons, are not matters lawfully before me for consideration.

The only evidence produced by the prosecutor on these allegations of fact, consists of a stipulation by counsel as to what the truth is.

The application for license made out a *prima facie* case of authority in the Court of Common Pleas to grant it. That *prima facie* case was open to question before that court, and on such question being raised it was the duty of the court to inquire by evidence whether the facts existed without which the authority would fail. *Dufford* v. *Nolan,* 17 *Vroom* 87. The jurisdiction of the court over such an investigation of facts is indisputable, and if its conclusions of fact thereon were legally warranted by the proofs adduced before it, those conclusions could not be reversed on *certiorari,* because the Court of Common Pleas is a court of record having a general jurisdiction, and not one of those special statutory tribunals whose determinations of disputed questions of fact are made subject to review by that writ. *Tewksbury* v. *Branchburg,* 15 *Vroom* 595.

This being so, the sole province of the ·Supreme Court on these matters of fact would be to examine the evidence offered in the Common Pleas, and decide whether on that evidence the court could lawfully determine that it had authority to grant the license.

The legal mode of bringing such evidence before this court has been frequently declared. *Conover* v. *Bird,* 27 *Vroom* 228. That mode was not adopted in this case. A mere stipulation of counsel cannot form the foundation on which to reverse the judgment of the court below. *Monitor Lodge* v. *Goldy,* 29 *Vroom* 119.

The proceedings of the Common Pleas should be affirmed, with costs.