PASQUALE GENUARIO ET AL., PROSECUTORS, v. ANGELO DE GAUDENZIO ET AL.

Submitted July 26, 1899—Decided November 13, 1899.

*Certiorari* will not lie to review a judgment of a District Court when the record returned with the writ shows that the court below had jurisdiction of the subject-matter of the litigation and of the parties to it; the only method of review is by an appeal to the Court of Common Pleas.

On *certiorari.*

Before Justices DEPUE, GUMMERE and LUDLOW.

For the prosecutors, *William D. Daly.*

For the defendants, *Weller & Lichtenstein.*

The opinion of the court was delivered by

GUMMERE, J.   The judgment brought up for review by this writ was rendered in the Hoboken District Court against the prosecutors and one Philip Maturo, who were sued as joint debtors.   The right of the prosecutors to review this judgment by *certiorari* depends upon whether the court below had jurisdiction of the subject-matter of the litigation and of the parties to it, for, if such jurisdiction existed, then the only method of review was by an appeal to the Court of Common Pleas.   *District Court act,* § 89, *Pamph. L.* 1898, *p.* 591.

That the District Court has jurisdiction of the subject-matter of the litigation is conceded by the prosecutors, but it is contended that it did not acquire jurisdiction over any of the parties against whom the judgment was rendered except Philip Maturo, and they have attempted to establish this fact by affidavits taken upon notice.   They have, however, failed in the attempt.   But even if it had been otherwise, it could not have availed them.   The record, returned with the writ, shows that the summons issued in the case was served upon Maturo alone, but it also shows that upon the day fixed for the hearing all of the parties, both plaintiffs and defendants, appeared and proceeded to trial.   The District Court, being a court of record, whenever its proceedings are to be reviewed on *certiorari,* its record is the primary source of information as to those proceedings.   If it be alleged that the statements of the record are not warranted by the actual facts, then a rule must be taken on the court to certify what those facts were, and only when the court is unable to respond to such

rule can the testimony of witnesses be invoked. *Conover* v. *Bird,* 27 *Vroom* 228, and cases cited.

No attempt was made in the present case to contradict the jurisdictional facts contained in the record by a rule on the court below to certify, and, consequently, the testimony of witnesses taken for that purpose cannot be considered.

It being established that the prosecutors voluntarily submitted themselves to the jurisdiction of the court, it follows that the only method open to them for reviewing the judgment complained of was by an appeal to the Common Pleas.

The writ of *certiorari* will be dismissed, with costs to the defendants in this proceeding.