### INHABITANTS OF WENHAM *vs.* INHABITANTS OF ESSEX.

If the action of one town against another, on the Gen. Sts. *c.* 70, to recover the expenses of supporting a pauper, is settled by the payment by the defendants of the claim and costs, and nonentry of the writ by the plaintiffs, that is not, under § 13, " a recovery" by the plaintiffs which will bar the defendants from disputing with them the settlement of the pauper in a future action for his support.

Overseers of the poor, in answering in writing under the Gen. Sts. *c.* 70, § 18, a written notice of the overseers of another town, under § 17, for the removal of a pauper, need not expressly refer to the notice.

An assertion by the overseers of the poor of one town, in answering under the Gen. Sts. *c.* 70, § 18, a notice given by such overseers of another town, under § 17, for the removal of a pauper, that he has not any legal settlement with them and therefore they shall not remove or support him, is a sufficient statement of their objections to his removal to authorize their town to contest the question of his settlement in an action thereupon brought by the second town for his support.

CONTRACT to recover the expenses of supporting Clara Williams, a pauper, from April 24 to July 25, 1868. Writ dated

July 27, 1868. The defendants, in their answer, denied that the pauper ever had a settlement in their town, or that they were otherwise chargeable with her support.

At the trial in the superior court, before *Lord,* J., these facts appeared in evidence : The pauper having fallen into distress and been relieved by the plaintiffs, the overseers of the plaintiffs' poor, by a letter dated April 2, 1867, gave notice thereof to the overseers of the defendants' poor, and requested them to remove her. The defendants' overseers failed to answer the notice ; and on April 24, 1868, the plaintiffs began an action of contract against the defendants to recover their expenses in supporting the pauper to that date, which action was settled, without the entry in court of the writ therein, by the payment to the plaintiffs by the defendants on May 6, 1868, of the sum sued for and the costs of the suit. The pauper, however, was not removed, but continued to receive support from the plaintiffs.

On May 19, 1868, the plaintiffs' overseers sent another written notice, bearing that date, to the defendants' overseers, that " Clara Williams, whose legal settlement is in your town, but now residing in Wenham, being in needy circumstances, has applied to this board for relief, which we have granted and charged to your town, and shall continue to do so until you remove or otherwise provide for her support; and you are requested to remove said pauper from this town." A letter, bearing date of May 23, 1868, signed by the defendants' overseers, and addressed to the plaintiffs' overseers, was afterwards received by the latter, containing this statement : " Clara Williams has not any legal settlement in the town of Essex; we therefore shall not remove or otherwise provide for her support."

On August 28, 1868, a month after the beginning of this action, the plaintiffs removed the pauper to the defendants' poor house.

" The plaintiffs asked the judge to rule that the defendants, having failed to answer the first notice, could not now set up the defence that the pauper had no settlement in Essex; and that, if a new notice was necessary after the settlement of the first action, the letter of May 23 was not such a reply to the

letter of May 19 as the statute required. But he declined so to rule, and added, as to the second point, that he should leave it to the jury on the evidence to say whether the letter of May 23 was sent and received as an answer to that of May 19." The jury found for the defendants; and the plaintiffs alleged exceptions. The provisions of the statute touching the case are printed in the margin.*

· *W. C. Endicott & H. L. Hadley*, for the plaintiffs.

*J. C. Perkins*, for the defendants.

CHAPMAN, C. J. If the plaintiffs, after giving their first notice, had prosecuted their action to final judgment, the defendants would afterwards have been barred from contesting the settlement of the pauper. Gen. Sts. *c.* 70, § 13. But the action was settled without judgment; and, in order to entitle themselves to recover for the further support of the pauper, it was necessary for the plaintiffs to give a new notice. *Attleborough* v. *Mansfield*, 15 Pick. 19. *Palmer* v. *Dana*, 9 Met. 587. They gave

* By the Gen. Sts. *c.* 70, § 12, overseers of the poor "in their respective places, shall provide for the immediate comfort and relief of all persons residing or found therein, having lawful settlements in other places, when they fall into distress;" "the expenses whereof, incurred within three months next before notice given to the place to be charged," "may be recovered by the place incurring the same, against the place liable therefor, in an action at law."

§ 13. " A recovery in such action shall bar the place against which it shall be had from disputing the settlement of such pauper with the place so recovering, in any future action brought for his support."

§ 17. " The overseers of any place may send a written notification, stating the facts relating to any person actually become chargeable thereto, to one or more of the overseers of the place where his settlement is supposed to be, and requesting them to remove him," &c.

§ 18. " If such removal is not effected by the last mentioned overseers within two months after receiving the notice, they shall within said two months send to one or more of the overseers requesting such removal a written answer, signed by one or more of them, stating therein their objections to the removal; and if they fail to do so, the overseers who requested the removal may cause the pauper to be removed to the place of his supposed settlement," "and such place shall be liable for the expenses of his support and removal, to be recovered in an action by the place incurring the same, and shall be barred from contesting the question of settlement with the plaintiffs in such action."

such new notice; and, within a few days afterwards, the defendants wrote them a letter which must be regarded as a reply to it, though it makes no reference to it. It declares that the defendants will not remove the pauper, because she has not any legal settlement in the town of Essex. This is a sufficient statement of the objections to the removal, within the eighteenth section of the statute, to authorize them to contest the settlement. *Exceptions overruled.*