COMMONWEALTH, by Insurance Commissioner, *vs.* MECHANICS MUTUAL FIRE INSURANCE COMPANY.*

The report of an auditor, appointed under St. 1863, c. 249, § 3, to whom an assessment made by the directors of a mutual fire insurance company is referred, is not merely *primâ facie* evidence, but is more in the nature of a report of a master in chancery.

An assessment made by the directors of an insolvent mutual fire insurance company for the purpose of repaying unearned premiums is void.

The cancellation of the policy of a member of a mutual fire insurance company does not release him from his liability to assessment for losses occurring while he was a member, if the assessment be made within two years.

Assessments upon members of mutual fire insurance companies cannot be graduated by the age of the policy.

PETITION praying the court to examine and ratify two assessments made by the directors of the Mechanics' Mutual Fire Insurance Company, an insolvent mutual fire insurance corporation

---

* This case and the two following were argued in June, 1873, before all the judges except the Chief Justice and AMES, J.

which had been enjoined by this court, on the application of the insurance commissioner, from the further prosecution of its business.

The assessments were referred to an auditor, from whose report it appeared that the directors had voted " That an assessment of fifty per cent. of premium and deposit be laid on all policies outstanding on the ninth and tenth days of November, 1872," and had further voted " That an assessment of fifty per cent. of premium and deposit be laid on all policies outstanding and cancelled by vote of the directors on the tenth day of February, 1873." It further appeared that this last assessment was to pay " unearned premiums and deposits due to unexpired terms of policies, February 10, 1873."

A portion of the sum to be raised by assessment was specified as an " estimated shrinkage on the deposit notes $33\frac{1}{3}$ per cent." and the auditor found that this amount was not too large.

The following objections to the auditor's report were submitted by a committee of the policy-holders.

" 1st. That it appears by the auditor's report that he has had no sufficient evidence on which to estimate so large a shrinkage, and that the report should be recommitted, that the policy-holders may introduce evidence on the subject, and that the books of the company may be submitted to the auditor.

" 2d. That by the report it appears that if all the notes and assessments are paid, an assessment of thirty-three per cent. will pay the debt, and such an assessment should be ordered.

" 3d. That there should be no assessment to pay the unearned premiums.

" 4th. That the policies having been cancelled, no assessment can be made.

" 5th. That the assessment should be laid in accordance with the length of time the policies have been in existence."

The case was heard upon the auditor's report, and the objections filed to it, before *Gray,* J., who overruled the first and second objections, and from this overruling the objectors appealed. The questions of law presented by the other objections were reserved for the determination of the full court.

*L. M. Child*, for the policy-holders.

*J. E. Sanford*, for the petitioner.

WELLS, J.　The St. of 1863, *c.* 249, § 3, requires that an assessment, when brought before the court for examination, " shall be referred to an auditor," who shall " report upon the correctness of said assessment or call, and all matters connected therewith." His report is apparently intended to furnish to the court the means and information by which to pass upon the questions submitted for determination. Although called an " auditor," his report is not merely *primâ facie* evidence, as in ordinary cases at law ; but rather like that of a master in chancery.

All parties had full opportunity to be heard before the auditor. No proper evidence, bearing upon the questions before him, was rejected ; and the report shows that there was careful investigation of whatever was then deemed by the parties interested to be material.

The margin allowed, for expenses and failures to collect, is large ; but there was evidence to justify it, and we cannot say that the auditor, who had better opportunity to judge than we can have, is in error.

The statute liability of the members, as corporators, cannot be availed of to raise money to repay unearned premiums. An assessment for that purpose is void. The reasons for this conclusion have recently been given in the cases of the *Massachusetts Mut. Fire Ins. Co.* and *Union Mut. Fire Ins. Co. ante,* p. 116 ; and it is unnecessary to repeat or add to them. The contract set forth in the policy is substantially the same as in the cases there under consideration. It provides for cancellation, and defines the rights of members thereupon, in terms which exclude any such claim.

Cancellation of the policy does not release the policy holder from his liability, as a member of the company, to be assessed for losses which occurred while he was a member, if made within two years. Gen. Sts. *c.* 58, § 54.

The assessment is required to be made " in proportion to their premium and deposit ; " and therefore cannot be graduated by the age of the policy.

The result is that the third exception to the auditor's report must be sustained, and the others overruled; the first assessment ratified and established; the second assessment, being wholly to repay unearned premiums, annulled. *Decree accordingly.*