## MARTIN WESSON *vs.* COMMONWEALTH.

Suffolk.    Jan. 12. — Feb. 26, 1887.   HOLMES & GARDNER, JJ., absent.

The jurisdiction given to the Superior Court by the Pub. Sts. *c.* 195, § 1, "of all claims against the Commonwealth which are founded on contract for the payment of money," does not extend to a claim for damages for breach of a contract.

PETITION to the Superior Court, under the Pub. Sts. *c.* 195, § 1, for damages for a breach of the following contract, entered into on December 27, 1878, between the inspectors and superintendent of the state workhouse in Bridgewater, acting in behalf of the Commonwealth, of the first part, and the petitioner of the second part:

" That said party of the first part agrees to furnish to said party of the second part all the inmates of said workhouse which said superintendent may not need for the farm work and other necessary work of said workhouse, to be employed by said party of the second part in the manufacture of shoes, or such other business as said inspectors and superintendent may approve of; also to furnish to said party of the second part sufficient work-room for the employment of said men, properly heated, with all water that may be necessary (not, however, including any water for furnishing power in any form); also to

furnish one officer to take charge of the said men so employed. All the above to be furnished to said party of the second part for and during the term of six months from the first day of January next.

" Said party of the second part agrees to employ said men so furnished in the manufacture of shoes, or such other business as said inspectors and superintendent may approve, and to furnish and employ at least one competent man to take charge of said inmates during the hours of labor, and instruct them in the business to be carried on during said term of six months, and agrees to pay to said party of the first part the sum of two hundred and fifty dollars, to be paid as follows : one hundred and twenty-five dollars in three months from said first day of January, and one hundred and twenty-five dollars at the end of six months from said date.

" And it is understood and agreed by and between the parties hereto that this agreement at the end of six months may be renewed and extended, and that said party of the second part shall have the privilege of extending this contract for the term of five years after the termination thereof, he, the said party of the second part, paying for the labor of said inmates at the rate of one thousand dollars per year, in equal quarterly payments.

" And it is further understood and agreed that in case the present number of inmates available under this contract shall be reduced below one hundred in number, the amount to be paid by said party of the second part shall be reduced *pro rata.*"

Trial before *Pitman, Mason,* and *Barker,* JJ., who found for the respondent; and, with the consent of parties, reported the case for the determination of this court.

*T. H. Tyndale,* for the petitioner.

*H. N. Shepard,* Assistant Attorney General, for the Commonwealth.

FIELD, J. In *Troy & Greenfield Railroad* v. *Commonwealth,* 127 Mass. 43, 46, it was said: " It is a fundamental principle of our jurisprudence, that the Commonwealth cannot be impleaded in its own courts, except by its own consent clearly manifested by act of the Legislature."

The St. of 1879, *c.* 255, now the Pub. Sts. *c.* 195, § 1, provides that " the Superior Court shall have jurisdiction of all

claims against the Commonwealth, which are founded on contract for the payment of money." We think that this means .that the claims must be founded on a contract with the Commonwealth for the payment of money by the Commonwealth. The statute does not provide for enforcing the specific performance of any contract against the Commonwealth, but for the assessment of damages, which on a certificate of the amount found due, with the legal costs, are to be paid out of any appropriations made for the purpose by a warrant drawn by the Governor on the treasurer and receiver-general. §§ 1, 4. If it had been the intention of the Legislature to give to the Superior Court jurisdiction over all claims against the Commonwealth founded on contract, a breach of which by the Commonwealth was alleged, the words "for the payment of money" would have been unnecessary, as damages for such a breach must, under the provisions of the statute, necessarily be assessed in money. To give these words any meaning, they must be held to qualify the preceding word " contract," and, as the sole purpose of the statute was to give a judicial remedy against the Commonwealth in cases where it did not previously exist, the words must be held to describe the character of the claim against the Commonwealth which could be enforced under the statute. It must be a claim for the payment of money by the Commonwealth in accordance with the terms of a contract which it had made. If the Commonwealth in a contract promises to do something else than to pay money, the payment of damages for not performing the promise is not the payment of money in accordance with the terms of the contract. Such damages are often somewhat indefinite, and the Legislature apparently intended that the Commonwealth should not be sued in its own courts, except when it had made a contract to pay money where the obligation of the Commonwealth would usually, if not necessarily, be limited by the terms of the contract either to a sum certain, or to a sum to be estimated. in some manner provided by the contract, or to what the services rendered and materials furnished by the other party were reasonably worth. There is nothing in the statute which indicates that the nature of the obligation on the part of the other party to the contract was regarded as material. If there was

a valuable consideration for the contract, and the other party had performed, or had been ready and willing to perform, his part of the contract, the obligation of the Commonwealth would be the same, whether the other party was, by the contract, to pay money, or to do any other valuable thing.

If the history of this legislation can be considered, it confirms the view we have taken of the meaning of the statute. The Governor, in 1879, in his inaugural address, recommended " that jurisdiction of claims against the Commonwealth be given to the Superior Court, sitting without a jury, with the right of appeal or exception for either party on questions of law." Acts & Res. 1879, 711. The committee on the judiciary on the part of the House reported a bill, of which a part of the first section was as follows : " The Superior Court shall have jurisdiction of all claims against the Commonwealth founded on contract ; and petitions setting forth such claims may be brought," &c. House Doc. No. 22. This bill, as reported, was passed in the House, but was amended in the Senate by inserting after the words " founded on contract " the words " for the payment of money ; " and, some other amendments having been made, the bill was passed to be enacted, and became the St. of 1879, *c.* 255. Senate Doc. No. 252. This shows that the proposition that the Superior Court should have jurisdiction of all claims against the Commonwealth which are founded on contract was submitted to the Legislature, and was deliberately amended so as to confine the jurisdiction to claims on contracts for the payment of money.

The statutes of the United States and of other States upon a similar subject are so different in their provisions as to afford little or no aid in construing the St. of 1879, *c.* 255.

*Petition dismissed.*