## INHABITANTS OF MILFORD *vs.* COMMONWEALTH.

Suffolk.   Jan. 14. — Feb. 26, 1887.   HOLMES & GARDNER, JJ., absent.

The jurisdiction given to the Superior Court by the Pub. Sts. *c.* 195, § 1, "of all claims against the Commonwealth which are founded on contract for the payment of money," does not extend to the obligation imposed by the Pub. Sts. *c.* 86, § 26, upon the Commonwealth, to reimburse the expense incurred by a town in the support of a state pauper.

PETITION to the Superior Court, under the Pub. Sts. *c.* 195, to recover for the support of Susan Touhey, alleged to have been a state pauper, who fell into distress in Milford, and who was not able to be removed to the state almshouse.

At the trial before *Knowlton, Mason,* and *Barker,* JJ., the petitioner's evidence tended to show that said Susan was a state pauper, and that she was in need of relief, and was properly supported by the petitioner, under the provisions of the Pub. Sts. *c.* 86, § 25, at the cost stated in the account annexed to the petition.

The court found as a fact that no express contract was made by the respondent for the board of the pauper named in the petition, but that whatever was said by the agent of the Commonwealth was with reference merely to the amount of the allowance to be made, under the statute, upon the bills of the town of Milford, presented in accordance with the provisions of the Pub. Sts. *c.* 86, § 26.

The court ruled, as matter of law, that the claim of a town for reimbursement under said § 26 was not a claim founded upon contract for the payment of money, within the meaning of the Pub. Sts. *c.* 195, § 1; and found for the respondent. The petitioner alleged exceptions.

*S. H. Tyng,* for the petitioner.

*H. N. Shepard,* Assistant Attorney General, for the Commonwealth.

FIELD, J.   The question of law to be decided is whether the claim that the Commonwealth reimburse to the town the expenses incurred in the support of a state pauper, under the Pub. Sts. *c.* 86, §§ 25, 26, is a claim which is founded upon a contract

for the payment of money, within the meaning of the St. of 1879, *c.* 255 (Pub. Sts. *c.* 195). See Sts. 1865, *c.* 162; 1869, *c.* 12; 1879, *c.* 291, § 3.

The Court of Claims of the United States, under statutes which give it jurisdiction to hear and determine " all claims founded upon any law of Congress, . . . . or upon any contract, expressed or implied, with the government of the United States," &c., has heard and determined claims for salaries or pay established by a law of the United States, and these have been sometimes spoken of as claims founded on contract, although it is not clear that they ought not to be regarded as claims founded upon a law of the United States. U. S. Rev. Sts. § 1059. *Patton* v. *United States*, 7 Ct. of Cl. 362, 371. *French* v. *United States*, 16 Ct. of Cl. 419. *Collins* v. *United States*, 15 Ct. of Cl. 22. *Mitchell* v. *United States*, 18 Ct. of Cl. 281; *S. C.* 109 U. S. 146. *United States* v. *Langston*, 118 U. S. 389.

In matters of procedure, penalties have usually been regarded as debts. In the Pub. Sts. *c.* 167, § 1, actions for penalties are excluded from actions of contract, and are included in actions of tort, but actions under statutes to recover for money expended have usually been actions of contract. *New Salem* v. *Wendell*, 2 Pick. 341. *Oakham* v. *Sutton*, 13 Met. 192. *Amherst* v. *Shelburne*, 11 Gray, 107. *Wenham* v. *Essex*, 103 Mass. 117.

The law regards the money as expended at the implied request of the defendant, and a promise to pay the money is said to be implied from the liability created by the statute. A contract may be expressly made, or a contract may be inferred or implied when it is found that there is an agreement of the parties and an intention to create a contract, although that intention has not been expressed in terms of contract; in either case, there is an actual contract. But a contract is sometimes said to be implied when there is no intention to create a contract, and no agreement of parties, but the law has imposed an obligation which is enforced as if it were an obligation arising *ex contractu*. In such a case, there is not a contract, and the obligation arises *ex lege*.

We are of opinion that the St. of 1879, *c.* 255, was not intended to give to the Superior Court jurisdiction over obligations for the payment of money imposed by statute upon the

Commonwealth. There are many such obligations, but they are not within any of the definitions of a contract, all of which require a consent or agreement of the parties. These statutory obligations are performed by the various officers of the Commonwealth, or by the Legislature. In one case, at least, there is a remedy by a petition in the nature of a petition of right, to be filed in the Supreme Judicial Court. Pub. Sts. *c.* 13, § 64. Ir most cases, however, no judicial remedy against the Commonwealth has been provided, and the Commonwealth cannot be sued in its own courts without clear statutory authority.

We think that the Pub. Sts. *c.* 195, must be confined to actual contracts made by the Commonwealth for the payment of money, and we are not now required to determine whether they must be express contracts. *Exceptions overruled:*