McArthur Brothers Company *vs.* Commonwealth.

Suffolk.   December 5, 6, 1907. — January 1, 1908.

Present : Knowlton, C. J., Morton, Hammond, Braley, & Rugg, JJ.

*Commonwealth. Auditor. Superior Court. Statute. Words,* "Hearing," "In open court."

Under R. L. c. 201, as amended by St. 1905, c. 370, giving the Superior Court "jurisdiction of all claims at law or in equity against the Commonwealth," which provides that such cases "shall be tried by the court without a jury and, if the amount claimed is more than $2,000, by three justices of said court," and that "all hearings shall be in open court," there is no authority to appoint an auditor.

Petition, filed on July 18, 1906, under R. L. c. 201, as amended by St. 1905, c. 370, to enforce a claim against the Commonwealth for damages for the alleged breach of a contract made in behalf of the Commonwealth by the metropolitan water and sewerage board, the amount claimed being $400,000.

In the Superior Court the petitioner made a motion before *Sanderson, J.,* for the appointment of an auditor. The motion was opposed by the respondent on the ground, among others, that the court had no authority to appoint an auditor. The judge made an order allowing the motion. The respondent excepted and also appealed.

Upon the request of the Attorney General, who stated that in his opinion the order made by the judge ought to be determined by the full court before any further proceedings were taken in the trial court, the judge, being also of that opinion, reported the case upon the petitioner's motion and his order thereon and the respondent's exception and appeal for determination by this court.

*D. Malone,* Attorney General, *& J. F. Curtis,* Assistant Attorney General, (*A. Marshall,* Assistant Attorney General with them,) for the Commonwealth.

*C. F. Choate, Jr.,* for the petitioner.

Rugg, J. This is a petition brought against the Commonwealth for damages alleged to have been suffered by the petitioner by reason of breaches, committed by the Commonwealth, acting through the metropolitan water and sewerage board, of

contracts made by him with it. The aggregate of the sums demanded, as set forth in the petitioner's statement of claim, is about $390,000. The single question presented is whether an auditor can be appointed.

It is fundamental that under our jurisprudence the sovereign power cannot be impleaded in its own courts except by its consent, and then only in the precise manner and to the exactly limited extent, which may be pointed out in the terms in which the consent is expressed. Such consent can be granted only by the Legislature, for our Constitution contains no provision touching the subject. *Troy & Greenfield Railroad* v. *Commonwealth,* 127 Mass. 43. *Wesson* v. *Commonwealth,* 144 Mass. 60. *Hodgdon* v. *Haverhill,* 193 Mass. 406.

The first general law by which jurisdiction was conferred upon the courts to adjudicate upon claims against the Commonwealth was St. 1879, § 255. Before this act the only relief open to those who had suffered damage by dealings with the representatives of the Commonwealth was by petition to the Legislature. This act, which was substantially embodied in Pub. Sts. c. 195, gave cognizance only of claims " founded on contract for the payment of money," or upon §§ 98 and 116 of c. 63 of Gen. Sts., the latter provisions referring to the management of railroads. The act was discussed in *Wesson* v. *Commonwealth,* 144 Mass. 60, which held that under its terms damages could not be recovered for breach of a contract, because this was not a claim for the payment of money by the Commonwealth. *Milford* v. *Commonwealth,* 144 Mass. 64, determined that the statute did not authorize the recovery of expenses incurred by a town for the support of a State pauper, for the reason that the obligation to make reimbursement for such expenses did not arise out of contract, but was imposed by the terms of Pub. Sts. c. 86, §§ 25, 26. The Legislature in session when these two decisions were announced enacted St. 1887, c. 246, which extended the jurisdiction of the court to all claims " at law or in equity " with certain exceptions not here essential. *Murdock Parlor Grate Co.* v. *Commonwealth,* 152 Mass. 28, was then decided, which held that although the statute as amended covered claims like those excluded in *Milford* v. *Commonwealth* and *Wesson* v. *Commonwealth,* it did not include those for the misfeasance or negligence of agents of the

Commonwealth in the performance of their duties.   The other cases which have arisen under this statute, *Nash* v. *Commonwealth*, 174 Mass. 335; *S. C.* 182 Mass. 12, *Flagg* v. *Bradford*, 181 Mass. 315, *Kennedy* v. *Commonwealth*, 182 Mass. 480, and *National Contracting Co.* v. *Commonwealth*, 183 Mass. 89, afford no aid as to the question now presented.

The statute under which this petition is brought, and by which the conduct of the cause must be governed, is R. L. c. 201 as amended by St. 1905, c. 370.   Section one confers upon the Superior Court jurisdiction of all claims at law or in equity against the Commonwealth.   It is first to be noted that the Superior Court alone is given original jurisdiction.   This has been the tribunal designated in all the statutes, although until St. 1905, c. 263, other litigants having claims in contract or replevin of more than $1,000, or within Suffolk County of more than $4,000, had the option of bringing their litigation either in the Supreme Judicial Court or the Superior Court, and in most matters in equity there is now concurrent jurisdiction.   While many statutes have conferred exclusive jurisdiction upon the Supreme Judicial Court, this one constitutes the Superior Court, which is the great trial court of the Commonwealth, the exclusive tribunal for trials of this class of causes.   It is also provided that the claim shall be enforced only by a petition, not by the ordinary process of writ or bill in equity open to all other suitors in the courts.   The petition shall contain a brief statement of the nature of the claim.   This is something more than a mere matter of procedure; it is an altogether new form of relief for causes which had theretofore been remediless.   The word "petition" is here used in a sense quite different from that in which it was employed in St. 1887, c. 383.   *Worthington* v. *Waring*, 157 Mass. 421.   The second section makes applicable to such a petition all "provisions of law relative to tender, offer of judgment, set-off and recoupment."   The express reference to these particular incidents in the progress of a proceeding in court indicates an intention to make inapplicable other ordinary incidents, which are omitted, under the familiar principle of interpretation that express mention of one matter excludes by implication other similar matters not mentioned.   It is further provided that there shall be no trial by jury, but that the hearing shall be had before

the court, and if the amount claimed is more than $2,000, before three justices. The petition must be brought in Suffolk County unless the amount claimed is $2,000 or less, in which event it may at the option of the petitioner be brought in the county of his residence. All these provisions indicate a plain intent on the part of the Legislature to provide a special form of procedure with unusual limitations. It is with this in mind that we approach the interpretation of the clause in the statute which states that "all hearings shall be in open court."

"Hearing" is technically applicable to proceedings in chancery, *Babcock* v. *Wolf*, 70 Iowa, 676, 679, *Miller* v. *Tobin*, 18 Fed. Rep. 609, 616, and is used in contradistinction to. trial which is ´ properly applicable to actions at law : but in modern usage no doubt the two words sometimes overlap in meaning. Final hearing is sometimes used to describe that stage of the proceedings which relates to the determination of the suit upon its merits as distinguished from preliminary questions, which are termed interlocutory. *Galpin* v. *Critchlow*, 112 Mass. 339. *Akerly* v. *Vilas*, 24 Wis. 165. *Joseph Dry Goods Co.* v. *Hecht*, 120 Fed. Rep. 760. *Hess* v. *Reynolds*, 113 U. S. 73. *Baltimore & Ohio Railroad* v. *Bates*, 119 U. S. 464. But, hearing is frequently and perhaps commonly used in a broader and more popular significance to describe whatever takes place before magistrates clothed with and exercising judicial functions and sitting without jury at any stage of a proceeding subsequent to its inception. *United States* v. *Patterson*, 150 U. S. 65. In our statutes, trial and hearing are used indifferently to describe what occurs before an auditor. R. L. c. 165, §§ 55, 56, 59 ; c. 173, § 81. St. 1900, c. 418. Hearing appears to have been treated as the accurate designation of proceedings before an auditor in *Carpenter* v. *New York, New Haven, & Hartford Railroad*, 184 Mass. 98. See *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299. Therefore, although the report of an auditor strictly becomes only *prima facie* evidence, the proceedings before an auditor are of greater dignity than the mere taking of depositions and may properly be termed hearings. But as all hearings provided for in the statute under discussion must be had in open court, it follows that there can be no hearings before auditors, for plainly an auditor is not the court, but an officer appointed by the court.

It would be natural to construe a requirement that all hearing should be "in open court" as meaning that all steps in the progress of the case shall be before the justice or justices constituting, for the time being, and convened for the purpose of organizing, the court, formally opened at a legally designated time and place, with the attendance of officers necessary for the proper transaction of its functions, prepared for the performance of judicial duties in the administration of justice. This has been substantially the interpretation given, when the words have been employed in statutes in other jurisdictions touching common subjects of litigation between ordinary parties. *Kenyon* v. *Eastwood*, 57 L. J. (N. S.) Q. B. D. 455. *Hobart* v. *Hobart*, 45 Iowa, 501, 504. *Conover* v. *Bird*, 27 Vroom, 228. *Ford* v. *Parr*, 2 Wils. 21. *Woolley* v. *Whitby*, 2 B. & C. 580. *Suesemilch* v. *Suesemilch*, 43 Ill. App. 573. The argument is much stronger for giving to these words a strict and accurate construction in a statute, by which the Commonwealth is suffering itself to be brought to the bar of its own courts at the instance of everybody who has a claim against it, and stating in distinct but limited terms the conditions upon which it may be impleaded.

The statute taken as a whole indicates an intent on the part of the Legislature to create a special tribunal composed of trained and experienced judicial servants, sitting, when large amounts are involved, in the capital of the State, to deal with this peculiarly important class of claims, which is not comprehended within any general classification of actions, under an unusual form of procedure. Under such circumstances only those incidents of ordinary practice, which are expressly set forth or follow by necessary implication, attach to the procedure. An auditor is not one of the inherently necessary implications of every procedure in court and is not authorized under this statute. The authority of courts to appoint auditors is largely created by statute, although the practice of referring certain matters to them is ancient. *Holmes* v. *Hunt*, 122 Mass. 505. *Holmes* v. *Turners Falls Co.* 150 Mass. 535. The appointment of an auditor is incompatible with some of the terms of the statute, as has been pointed out, and is inconsistent with its general purpose. Arguments based upon a sound public policy can be adduced in favor of not permitting the interests of sovereignty to be passed upon

by any tribunal save the court itself, so that it cannot be inferred that there was any legislative oversight as to a mere incident of practice. Nor is it unprecedented that three justices of the superior bench should constitute the court for the trial of causes. R. L. c. 157, § 5. This conclusion is confirmed by a comparison with other statutes, which authorize proceedings against the Commonwealth. R. L. c. 14, § 67, as amended by St. 1906, c. 349, and St. 1903, c. 437, § 84, touching recovery of an illegally exacted corporation tax, make no such detailed provision as to the form of procedure ànd require conformance to proceedings in equity. So also the statutes as to the metropolitan park, sewerage and water systems, as far as they relate to the taking of property by eminent domain, simply adopt existing methods for the determination of damages without creating any special machinery or tribunal. St. 1893, c. 407, § 7. St. 1889, c. 439, § 4. St. 1895, c. 488, § 13. The contrast between these enactments and R. L. c. 201 and its amendments is significantly divergent in almost all aspects. It is also to be noted that in other instances, when the Legislature has created a new remedy or constituted a new tribunal, or granted damages not required by the constitution, and has intended to clothe the courts with power to appoint auditors or equivalent officers, it has often made express provision therefor. Tax abatements, St. 1890, c. 127, § 5 (R. L. c. 12, § 80). Grade crossing abolition, St. 1890, c. 428, § 7 (St. 1906, c. 463, Part I. § 39). *Newton, petitioner,* 172 Mass. 5. Insurance assessments, St. 1862, c. 181, § 2 (St. 1907, c. 576, § 51). *Commonwealth* v. *Mechanics Ins. Co.* 112 Mass. 192. Business damages, St. 1895, c. 488, § 15. *Sawyer* v. *Metropolitan Water Board,* 178 Mass. 267. *Sawyer* v. *Commonwealth,* 182 Mass. 245. Land damage cases, St. 1876, c. 22. St. 1894, c. 175. R. L. c. 48, § 109. St. 1871, c. 361, § 3. While too much importance is not to be attached to these statutes, they are perhaps evidence of a legislative belief that without such express provision, there was no authority for the appointment of an auditor, and they lend significance to the omission of such provision in the statute under consideration.

The order allowing the motion for the auditor should be reversed and the motion disallowed, and it is

*So ordered.*