J. A. CHESLEY v. SOO LIGNITE COAL COMPANY, F. E. BALL G. H.
HOLLISTER AND C. G. WELTON.

Opinion filed March 11, 1909.

Rehearing denied May 15, 1909.

**Contracts — Recission — Return of Consideration.**

1. A rescission of an express contract renders the same of no force
or validity so far as its enforcement or damages for its breach are
concerned; but the implied obligation of the parties to restore every-
thing of value received thereunder remains in force, and may be
enforced after rescission.

**Foreign Corporations — Failure to Comply With Local Laws — Liability
of Officers and Stockholders — Implied Contracts — Return of Bene-
fits.**

2. Under section 4698, Rev. Codes 1905, making officers, agents and
stockholders of non-resident corporations doing business within this
state without complying with the statutes thereof "liable on any and
all contracts of such corporation * * * made within this state,"
these officers, agents and stockholders are liable on the implied con-
tracts or obligations of such corporations to return everything which
was received by the corporation under an express contract with it
by a party who has rescinded the express contract.

Appeal from District Court, Cass county; *Pollock, J.*

Action by J. A. Chesley against the Soo Lignite Coal Company
and others. Judgment for plaintiff, and defendants appeal.
Affirmed.

*Engerud, Holt & Frame,* for appellants.

Penal statutes are strictly construed. Attril v. Huntington, 16
Atl. 652; Manhattan Trust Co. v. Davis, 58 Pac. 718; Merchants
Bank v. Bliss, 35 N. Y. 412; Stokes v. Stickney, 96 N. Y. 326;
Powder River Cattle Co. v. Custer Co., 22 Pac. 383; Halsey v.
McLean, 12 Allen 438; Commonwealth v. Biddle, 21 Atl. 134; Com-
monwealth v. Reinoche, 29 Atl. 896; Providence & C. Co. v. Hub-
bard, 101 U. S. 188, 25 L. Ed. 786; Larsen v. James, 29 Pac. 183;
State Savings Bank v. Johnson, 45 Pac. 662; Wethey v. Kemper, 43
Pac. 716; Derrickson v. Smith, 27 N. J. L. 167.

Choice of remedy and mode is irrevocable. Sonnysen v. Akin, 14
N. D. 248, 104 N. W. 1026; Butler v. Hildreth, 46 Mass. 49; Con-
nihan v. Thompson, 111 Mass. 272; Bowen v. Mandelville, 95 N. Y.
239; Morris v. Rexford, 18 N. Y. 552.

Express contracts are proved by the words, implied contracts by the acts of the parties showing the promise. Sec. 5329, Rev. Codes 1905; Columbus Ry. v. Gaffney, 61 N. E. 152; McCoun v. N. Y. C. & C. Ry., 50 N. Y. 176; Chilcot v. Trimble, 13 Barb. 502; Wood v. Ayres, 39 Mich. 345; City Council v. Montgomery, 77 Ala. 248; Milford v. Commonwealth, 10 N. E. 516; Sceva v. True, 53 N. H. 627; Hertzog v. Hertzog, 29 Pa. St. 465; Columbus & C. Ry. v. Gaffney, 65 Oh. St. 104; Wood v. Ayres, 39 Mich. 345; Bixby v. Moore, 51 N. H. 402.

Officers of the corporation in default can be charged only upon contract made by consent of parties. National Bank v. Pick, 13 N. D. 74, 99 N. W. 63; Powder River & Co. v. Custer Co., 22 Pac. 383; Dusenbury v. Spier, 77 N. Y. 144; Milford v. Commonwealth, supra; O'Brien v. Young, 95 N. Y. 428; Chase v. Curtis, 113 U. S. 452, 28 L. Ed. 1038; Heacock v. Sherman, 14 Wend. 58; Bruce v. Platt, 80 N. Y. 379; Kirkland v. Kille, 99 N. Y. 390; Commonwealth v. Biddle, 21 Atl. 134.

*Ball, Watson, Young & Hardy,* for respondent.

Stockholders liability under the statute is as principal debtor not surety. Cook on Stocks and Stockholders, Sec. 224; Marshall-Wells Co. v. New Era Co., 13 N. D. 396, 100 N. W. 1084.

MORGAN, C. J. The Soo Lignite Coal Company is a corporation organized under the laws of the state of South Dakota, and was engaged in the business of operating a coal mine in Pennington, in this state. The defendants Ball, Hollister & Welton were officers of said corporation during all the times covered by the transactions hereinafter set forth. The plaintiff was during all the time mentioned engaged in the business of selling coal in the city of Fargo. In February, 1904, he made a contract with said Soo Lignite Coal Company, by which he was to take 1,000 shares of stock in said company at the agreed price of $1,000, and he was also to receive the exclusive agency for the selling of that company's coal in Fargo, and he had a further right under said contract to receive each year 1,000 tons of the coal mined by said company at a reduced cost, the same to be shipped by the company whenever ordered by the plaintiff. Under the terms of said contract plaintiff was to execute to the said coal company 10 notes for the sum of $100 each, to be due at stated times therein set forth, and the plaintiff did execute and deliver to said company the 10 notes as provided for by the con-

tract.  The defendant Ball, as president of said company, indorsed said notes, and the same were transferred to the Merchants' State Bank of Fargo by the defendant Hollister.  The money received upon the transfer of the notes was turned over to said coal company, and used by it for its own business purposes.  Among the other considerations for said contract between the plaintiff and said company was the promise of said company that it would convey 11 lots in the town of Pennington to the plaintiff.  The stock certificates of said company to the amount of 1,000 shares, and also the deed to the said lots in the town of Pennington were deposited with the Northern Trust Company for the plaintiff, but he never demanded their possession, although he was notified that they were in the office of said trust company subject to his order, and the same were never, as a matter of fact, taken by the plaintiff.  In the month of February, 1904, the plaintiff ordered two carloads of coal from the defendant company under the terms of said contract, but the coal was never shipped to him nor delivered to him in any way.  The notes which the officers of the company transferred to the Merchants' State Bank were protested for non-payment and were thereafter paid by the plaintiff prior to the commencement of this action. On the 22d day of April, 1905, the plaintiff canceled and rescinded the contract upon the ground that he was induced to make it by the false and fraudulent representations of the defendant company's agents, and upon the further ground that the company had failed to perform its agreement, and had not complied with the law of this state relating to foreign corporations.

The action came to trial before a jury, and at the close of the testimony the plaintiff and each of the defendants moved for a directed verdict.  The court denied the defendants' motion, and, in pursuance of a direction of a verdict in plaintiff's favor, the jury brought in a verdict against the defendants for the sum of $1,091.89. testimony the plaintiff and each of the defendants moved for a judgment notwithstanding the verdict, and for a new trial, if such motion for judgment was denied.  These motions were severally denied by the court, and the defendants appealed from said order and from the judgment entered on the verdict of the jury.  The ground on which the trial court directed a verdict against all the defendants was that the defendant coal company never complied with any of the provisions of sections 4463, 4695-4697, Rev. Codes 1905.  These sections pertain to the filing of a copy of the charter of corpora-

tions organized under the laws of a foreign state with the Secretary of State and the appointment of a resident agent upon whom service of process can be had and the doing of certain other acts by them before they are authorized lawfully to transact business in this state. The liability of the defendants in this case is based by the plaintiff, and it was sustained by the trial court upon section 4698, Rev. Codes 1905, which reads as follows: "Any failure to comply with the provisions of the last three sections, and with section 3116 (4463) of this Code shall render each and every officer, agent or stockholder of that corporation, association or joint stock company, failing to comply therewith, jointly and severally liable on any and all contracts of such corporation, association or joint stock company made within this state." It is conceded by the appellants that judgment was properly rendered against the corporation company, and the corporation has not appealed from the judgment of the district court. The contention of the appellants is that the provisions of section 4698 have no application to them under the facts of this case. In other words, that said section pertains alone to liability under the existing contract of the corporation, and, the contract having been entirely annulled and rescinded by the plaintiff, no liability attached to appellants as officers of said corporation under said section or otherwise. The respondent urges that the provisions of the contract were not as a matter of law rescinded so far as the plaintiff's right to demand a return of everything of value received by the corporation under the contract is concerned, nor as to the obligations of the corporation to restore everything of value received by it pursuant to the contract; that these rights and obligations remained in force, although the express contract may have been rescinded. The appellants contend that said section 4698 is penal and should therefore receive a strict construction, and, further, it is contended by them that said section does not apply to implied contracts nor to any other contracts not expressly consented to by the corporation. We do not decide whether said section is penal in its nature, or whether it imposes a liability based on contract, as it is not necessary to do so in this case.

Nor is it necessary to decide the contention of the defendants which is disputed by the plaintiff that the statute should be strictly construed. Appellants' contention is that the statute imposes a liability upon stockholders and officers now existing under the common law, and that a strict construction only should be given to it. Re-

spondent contends that the rule contended for by appellants is not in force in this state; it having been abolished by section 6724, Rev. Codes 1905, which provides that the provisions of the Civil Code "are to be liberally construed with a view to effect its objects, and to promote justice." The statute is broad enough in its language to create a liability against the defendants under a strict construction of its terms.

The liability of the officers must be measured by the terms of the statute as such liability is created solely by the statute. The precise question before us is: What was the status of the contract and of the parties thereto after plaintiff had rescinded it? The recission of it wiped out the contract, so far as basing any affirmative action on it relating to its enforcement, or for damages for its breach. It destroyed all its vitality, and the relation of the parties thereto as an express contract was the same as though it never had been entered into. This much is conceded by both parties. Whether the conceded obligation of the defendant company to restore everything of value which had been received by it under the contract before it was rescinded can now be enforced against the officers of the company is the disputed issue in this case. In other words, does section 4698, supra, make officers of a foreign corporation not complying with our statute pertaining to their right to transact business in this state liable on the implied contracts of the corporation? The language of the section is that they are liable "on any and all contracts of the corporation." This language is broad enough to include contracts implied by law. We think it would be failing to give effect to the language of the section to restrict its application to express contracts. The rescission of the express contract does not effect rights growing out of it thereafter as implied obligations on the part of the defendant company. Contracts are classified as express or implied by the statute of this state, and section 4698 in effect makes officers liable upon a breach of either by the corporation. Stress is laid upon the use of the word "made" in said section; and it is argued that express contracts only are made or can be "made." It is true that implied contracts are not entered into by express words, but are manifested by conduct of the parties; but they are made by the parties as a matter of law with equal effect as though the terms are stated expressly. No cases are cited by either party which are in point as to the meaning and construction of this section, and we have failed to find any. Appellant relies on Dusenbury v. Spier, 77

N. Y. 144; Melford v. Commonwealth, 144 Mass. 64, 10 N. E. 516; Sceva v. True, 53 N. H. 627; Hertzog v. Hertzog, 29 Pac. 465; Bank v. Pick, 13 N. D. 74, 99 N. W. 63; Powder River Cattle Co. v. Custer Co., 9 Mont. 145, 22 Pac. 383, and similar cases, but we do not deem them to be in point. Whereas they pertain to causes of action attempted to be enforced under implied contracts they are not based on statutes containing the broad language that section 4698 does.

The judgment is affirmed. All concur.