## BOARD OF EDUCATION OF CITY OF YANKTON v. SCHOOL DIST. NO. 19, YANKTON COUNTY.

Laws 1903, p. 148, c. 132, declares that any pupil who shall successfully complete the work of the eighth grade may continue his work up to and including the twelfth grade by attending any neighboring graded school, and the tuition shall be paid by the board of his home district, provided the home district does not provide instruction in such higher grade. Held, that where a pupil completed her eighth grade in her resident district, which did not afford higher instruction, the fact that such district had never authorized instruction in higher grades was sufficient reason why she should not attend school in her home district, and authorized her attendance at a neighboring high school to continue work up to the twelfth grade at the expense of her resident district.

Under Laws 1903, p. 148, c. 132, authorizing a pupil having completed the eighth grade to attend school in a neighboring district affording a higher course of study not afforded by her home district at the expense of the latter, it was no defense to an action against a resident district to recover tuition for instruction furnished to a pupil under such circumstances that there was no contractual relation between plaintiff and defendant district; defendant being liable for such tuition under quasi contract.

(Opinion filed, June 26; 1909.)

Appeal from Circuit Court, Yankton County.    Hon. E. G. SMITH, Judge.

Action by the Board of Education of the City of Yankton

against School District No. 19, Yankton County. Judgment for plaintiff, and defendant appeals. Affirmed.

N. J. Cramer, for appellant. French & Orvis, for respondent.

McCOY, J. This is a suit to recover tuition brought by the board of education of the city of Yankton against School District No. 19 of Yankton County. Edna Simonson, a minor, residing with her parents in said school district No. 19, having successfully completed the work of the eighth grade as established in the state course of study, attended the high school of the city of Yankton for the purpose of continuing her school work up to the twelfth grade. It appears that said school district No. 19 did not provide higher instruction above the said eighth grade, and that the high school of the city of Yankton maintained a higher course of study consisting of a four years' course, known as freshman, sophomore, junior, and senior years, and that the junior year of said course corresponds to the eleventh grade in the state course of study, and that during the school year of 1905-06 the said Edna Simonson attended said Yankton high school as a junior, and received instruction in said eleventh grade; that the said Yankton high school was the nearest neighboring school in which the said higher course of study was maintained within the said county of Yankton; that the said board of education during the school year 1905-06 established a rule that all pupils attending said high school whose place of residence was outside the city of Yankton should pay a tuition of 60 cents per week. This suit was brought to recover for 36 weeks' tuition at the rate of 60 cents per week. The case was tried to the court without a jury, and findings and judgment were in favor of plaintiff, the board of education of the city of Yankton. The only question for consideration is whether as a matter of law the plaintiff was entitled to recover.

Chapter 132, p. 148, Sess. Laws 1903, among other things, provides as follows: "Any pupil who shall successfully complete the work of the eighth grade, as established in the state course of study, is privileged to continue his work up to and including the twelfth grade, by attending any neighboring graded school furnishing a higher course of study, and the tuition charged therefor, shall be paid by the board of his home district. Provided his

home district does not provide instruction in such higher grades." It is contended by defendant that because the electors of said district No. 19 had never authorized by vote instruction to be given in said higher grades above the eighth, plaintiff should not recover, but we are of the opinion that this facts would be a sufficient reason why the pupil would be excused from attending school in his home district, and would furnish him grounds for attending some neighboring school where the higher grades were maintained. The fact that no provision for the higher grades had been made in the home district would furnish ground for attending the neighboring school within the same county, regardless of what caused such failure to so provide in the home district.

It is also contended by defendant that there is no contractual relation existing between plaintiff and defendant sufficient to support a cause of action for the recovery of the tuition in question. In this contention we also believe defendant to be in error. It is not necessary that there should be any contractual relation between the parties under the circumstances of this case. The relation here is "quasi" contractual only, being an obligation imposed by law without regard to the intent or assent of the party bound thereby, but which is allowed to be enforced by an action ex contractu, and includes all cases in which an obligation to pay money is imposed by a statute. The obligation to pay arises by virtue of the statute, although there is no intention or agreement of the parties to create a contract. 9 Cyc. 243; Milford v. Commonwealth, 144 Mass. 64, 10 N. E. 516; 2 Current Law, 285.

Finding no error in the record, the judgment of the circuit court is affirmed.

SMITH, J., taking no part in the decision.