*Municipal Court of the City of Boston*

No. 336731

## EDWARD I. HOFFMAN

v.

## CLEONICIA PALMEIRI

(September 30, 1952)

*Tomasello, J.* In an action of contract for damages under the Housing and Rent Act as amended, the defendant seasonably demurred to all three counts in the plaintiff's declaration. The plaintiff waived the first count and the trial judge considered and sustained the demurrer to the remaining counts which were:

Count 2. The plaintiff says that on or about August 1, 1951 the defendant was the owner of the premises located at No. 217 Columbia Road in the Dorchester District of Boston, County of Suffolk. That the defendant agreed to rent Suite No. 5 of said premises to the plaintiff as a tenant at will at a rental of fifty-three ($53.00) dollars per month beginning with September 1, 1951. That said housing accommodations are under the control of the Housing Expediter and have a legal maximum rent of fifty-three ($53.00) dollars per month. That the defendant, her agents or servants wilfully violated the Housing and Rent Act of 1947 as amended by demanding of the plaintiff a sum of money in excess of the legal maximum rent, i.e., the sum of three hundred ($300.00) dollars being in direct contravention and violation of said Act.

Wherefore the plaintiff says that the defendant owes him treble the amount for which the consideration exceeded the maximum rent, i.e., nine hundred ($900.) dollars, plus reasonable attorneys fees and costs as determined by the Court.

Count 3. The plaintiff says that on or about August 1, 1951 the defendant was the owner of the premises located at No. 217 Columbia Road in the Dorchester District of Boston, County of Suffolk. That the defendant agreed to rent Suite No. 5 of said premises to the plaintiff as a tenant at will at a rental of fifty-three ($53.00) dollars per month beginning with September 1, 1951. That said housing accommodations are under the control of the Housing Expediter and have a legal maximum rent of fifty-three dollars per month. That the defendant, her agents or servants did wilfully violate the Controlled Housing Rent Regulation by demanding of the plaintiff, as a condition precedent to the rental of said premises, that the plaintiff perform certain work on the premises, and pay the cost thereof, i.e., three hundred ($300.00) dollars, that said demand was in addition to the maximum legal rent of the premises and was made without prior consent of the Housing Expediter and was in violation of the Controlled Housing Rent Regulation issued pursuant to the Housing and Rent Act of 1947, as amended. Wherefore the plaintiff says that the defendant owes him treble the amount of said demand i.e., nine hundred ($900.00) dollars plus reasonable attorneys fees and costs as determined by the Court.

The defendant sets forth the same reasons in counts 2 and 3 as cause for demurrer.

First: that the counts in the declaration did not state a legal cause of action.

Second: the allegations were insufficient to maintain the cause of action.

Third: they did not state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action.

[43]

The issue presented on appeal is whether under the allegations of the declaration a cause of action exists as between a prospective landlord and tenant where there was no actual payment above the maximum rent but merely a demand for payment.

Sec. 205 (a) of the Housing and Rent Act of 1947 as amended by Acts of Congress provides:

> "Any person who demands, accepts, receives, or retains any payment of rent in excess of the maximum rent prescribed under the provisions of this Act, or any regulation, order or requirement thereunder, shall be liable to the person from whom such payment is demanded, accepted, received or retained (or shall be liable to the United States as hereinafter provided) for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amounts of (1) $50, or (2) not more than three times the amount by which the payment or payments demanded, accepted, received, or retained exceeded the maximum rent which could lawfully be demanded, accepted, received or retained, as the court in its discretion may determine, whichever in either case may be the greater amount: Provided, that the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation."

The act also provides for prosecution of the violator thereof. It is evident that the purpose and effect of the Housing and Rent Act was to protect persons where the relationship of landlord and tenant existed. It is fundamental that there can not be a relationship of landlord and tenant unless there is a contract, and there cannot be a contract unless there is a consideration for the making of it.

A consideration in effect is the price bargained for and paid for a promise. An informal promise is not binding unless an agreed price has been paid for it.

Restatement Low Inst. Contracts, sec. 75

[44]

No such consideration is substantiated by the wording of the declaration. Its words in reality indicate a want of such a consideration.

If as the plaintiff contends the provisions of the Housing Act are to be considered more in the nature of a penalty for doing a wrongful act, such actions for penalties are not included in contract actions.

*Milford* v. *Commonwealth,* 144 Mass. 64, 65;
Gen. Laws, ch. 231, sec. 1.

Aside from all these considerations, in the absence of the consummation of an arrangement for a tenancy, to permit the plaintiff to recover damages where no money was paid out, would expose the defendant to the payment of exemplary, vindictive and punitive damages. In this Commonwealth any act punishable by criminal prosecution or indictment cannot provide the basis of recovery of punitive damages.

*Austin* v. *Wilson,* 4 Cush. 273.

The declaration of the plaintiff has failed to state a cause of action entitling him to recover.

In our opinion the trial judge was correct in sustaining the demurrers.

Report dismissed.