Joseph C. Kennedy & others *vs.* Commonwealth & others.

Suffolk.  December 5, 1902. — January 8, 1903.

Present: Knowlton, C. J., Morton, Lathrop, Barker, & Hammond, JJ.

*Commonwealth.  Equity Jurisdiction,* To enforce equitable lien.

No claim can be enforced under Pub. Sts. c. 16, § 64, (R. L. c. 6, § 77,) against funds retained in the hands of the Commonwealth under a contract for the construction of a pumping station, for the price of lumber which did not become part of the permanent structure, but which was bought and used to hold concrete in place while it was hardening and as centres to hold up concrete arches, and after being used several times for these purposes was removed, and a part of it sold for firewood.

Bill in equity, filed in November, 1901, under Pub. Sts. c. 16, § 64, (R. L. c. 6, § 77,) to enforce a claim, against funds retained by the Commonwealth under a contract made by the metropolitan water board with one McNeil, for the price of lumber furnished to the defendants Harries and Letteney, subcontractors, who agreed to furnish the material for and to construct all the concrete foundations and arches required under McNeil's contract with the Commonwealth for the construction of a pumping station and gate house at Spot Pond in Stoneham.

In the Superior Court the case came on to be heard before *Fox,* J., who reserved it upon the pleadings and a master's report for determination by this court.

*G. W. Norris & H. D. Nash,* for the plaintiffs.

*I. R. Clark, (J. H. Sherburne, Jr.,* with him,) for the defendants.

KNOWLTON, C. J.  The plaintiffs bring this bill in equity under the Pub. Sts. c. 16, § 64, to enforce a claim for the price of lumber furnished to the defendants Harries and Letteney, for use in the construction of a pumping station and gate house at Spot Pond, Stoneham, by the Commonwealth.  That such a suit may be maintained, if the petitioners have a claim that might be a subject of a mechanic's lien if the structure belonged to a private owner, is established by the case of *Nash* v. *Commonwealth*, 174 Mass. 335.  The question in the present case grows out of the fact that the lumber did not enter into the construction of the pumping station and gate house as a part of the permanent structure, but was bought and used for the purpose of constructing forms to hold the concrete in place while it was hardening, and centres to hold up the concrete arches, and was then taken down and used again for a similar purpose in another place, and after being so used several times, was removed by the purchasers, some of it being finally sold for firewood, and the rest being carried to the yard of the purchasers in Boston.

The plaintiffs contend that materials so used are within the provision of the Pub. Sts. c. 16, § 64, (R. L. c. 6, § 77,) and the defendants contend that they are not.  The statute provides for cases " when public buildings or other public works upon which liens might attach for labor or materials, if they belonged to private persons, are about to be constructed or repaired for the Commonwealth by contract," and requires security for payment " for all labor performed or furnished and for all materials used in such construction or repair."  We are of opinion that this statute gives security for payment for labor performed or furnished and for materials only when they are used in construction or repair in a way that would create a debt which might be a subject for a lien, under proper proceedings, if the structure belonged to a private person.  There is nothing to indicate that security was intended to be given for every kind of labor and all kinds of materials that incidentally promote the construction of a building when they do not enter into the construction.  Such an interpretation of the statute would give security to a dealer who had sold workmen tools which they used in working upon the building, or to a horse trader who sold the contractor horses which were used in drawing materials for the building, and it

would give security upon the proceeds of every contract upon which the tools or horses were used, until they were paid for. In a sense the tools and the horses would be used in the construction of the building.

To acquire a lien for materials under the Pub. Sts. c. 191, § 1, (R. L. c. 197, § 1,) it is necessary to show that the materials will form a part of the completed structure.— that they will enter into it and become a part of the realty. *Turner* v. *Wentworth,* 119 Mass. 459. *Beatty* v. *Parker,* 141 Mass. 523. *Boston Furnace Co.* v. *Dimock,* 158 Mass. 552. See also *Ames* v. *Dyer,* 41 Maine, 397; *Lambard* v. *Pike,* 33 Maine, 141, 144; *Oppenheimer* v. *Morrell,* 118 Penn. St. 189; *May & Thomas Hardware Co.* v. *McConnell,* 102 Ala. 577.

It is not contended that these materials were used in the construction in such a sense as to entitle the petitioners to a lien if the property had belonged to a private owner. The contention is that the statute gives persons furnishing materials security for materials furnished for any kind of use pertaining to construction. But we see no good ground for this contention. The case of *Nash* v. *Commonwealth, ante,* 12, does not bear on this point. That relates only to procedure, and holds that the preliminary requirements of the lien law in that respect are not embodied in the later statute.

The present case has no standing apart from the statute.

*Bill dismissed.*