PIONEER STEEL ERECTORS, INC. *vs.* COMMONWEALTH
(and a companion case[1]).

Suffolk. February 8, 1962. — April 12, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Public Works. Commonwealth,* Proceeding against Commonwealth.

The provision which, among others, is required by G. L. c. 30, § 39F, as appearing in St. 1956, c. 677, § 1, to be included in contracts with the Commonwealth for certain public works, that in specified circumstances "the awarding authority shall make, out of sums payable to the general contractor on the general contract, direct payment to . . . [a] subcontractor of the entire balance due on the subcontract," less certain amounts, creates an obligation of the Commonwealth to the subcontractor which is enforceable by him against the Commonwealth by petition under G. L. c. 258.

PETITIONS filed in the Superior Court on May 26, 1961.

The petitioner appealed from orders by *Spring,* J.

*Douglas L. Ley, (James H. Donovan* with him,) for the petitioner.

*Kevin R. Doyle,* Assistant Attorney General, for the respondents.

---

[1] The companion case is by the same petitioner against Commissioners of Public Works of the Commonwealth.

WHITTEMORE, J.   Pioneer Steel Erectors, Inc. (Pioneer),
an unpaid subcontractor on a highway project, petitioned
under G. L. c. 258, §§ 1 and 2, to establish a claim against
the Commonwealth under G. L. c. 30, § 39F.[1]   It also peti-
tioned for a writ of mandamus to require the Commission-
ers of Public Works to pay it out of sums payable to the
principal contractor.   A demurrer of the Commonwealth
was sustained.   The petition for mandamus was dismissed
after hearing.   At issue is the construction of the provision
in G. L. c. 30, § 39F, which directs that if within ten days
after the sixty-fifth day after a subcontractor has fully
completed its work it has not received from the general con-
tractor the entire balance due on its subcontract, less speci-
fied deductions or retentions, the subcontractor shall give
written notice to the awarding authority and the general
contractor and that thereupon "the awarding authority
shall make, out of sums payable to the general contractor

---

[1] General Laws c. 30, § 39F (inserted by St. 1954, c. 609, as appearing in
St. 1956, c. 677, § 1) provides in pertinent part as follows: "Every contract
for the construction, reconstruction, alteration, remodeling, repair or demoli-
tion of any public building or public works by the commonwealth . . . when
the amount involved is more than five thousand dollars . . . shall contain the
following in its entirety: Within ten days after the general contractor receives
payment on account of a periodic estimate of the value of the work done, he
shall pay to each subcontractor the sum contained therein for the value of said
subcontractor's work, less any amount retained therefrom by the awarding
authority under the terms of the general contract or in consequence of any
legal proceedings or statutory liens, and less any amount due the general con-
tractor under the subcontract.   Not later than the sixty-fifth day after each
subcontractor fully completes his portion of the work in accordance with the
plans and specifications, the entire balance due under the subcontract shall be
due the subcontractor and shall be paid to the general contractor by the award-
ing authority for the account of the subcontractor and in partial payment of
the amount due under the general contract; provided, however, that the award-
ing authority may withhold from such partial payment all amounts retained
by the awarding authority pending its determination that said portion of the
work is satisfactory or in consequence of any legal proceedings or statutory
liens.   The general contractor shall forthwith pay to the subcontractor the full
amount received as aforesaid from the awarding authority for the account of
such subcontractor less any amount due the general contractor under the sub-
contract; and the awarding authority may take such steps as it may deem
necessary to arrange that such amounts are paid by the general contractor to
the subcontractor forthwith.   If, within ten days after the aforementioned
sixty-fifth day, the subcontractor has not received from the general contractor
the entire balance due on the subcontract less the aforesaid amounts, the sub-
contractor shall give the awarding authority and the general contractor written
notice of such failure to receive payment and of the amount so payable, but
not paid, by the general contractor.   Thereupon . . . [here follow the two
sentences quoted in the text of the opinion]."

on the general contract, direct payment to the subcontractor of the entire balance due on the subcontract less the aforesaid amounts. Such direct payment . . . shall discharge the obligation of the awarding authority to the general contractor to the extent of such payment."

1. The sole contention in the Commonwealth's brief in respect of the petition under G. L. c. 258 is that such obligation as exists under G. L. c. 30, § 39F, is not of the kind for which by G. L. c. 258 the Commonwealth has consented to be sued.

We disagree. To the extent that § 39F creates an obligation it is for the payment of money for services performed or materials furnished. This is a claim of the sort which "civilized governments have always recognized." *Murdock Parlor Grate Co.* v. *Commonwealth*, 152 Mass. 28, 31. *Nash* v. *Commonwealth*, 174 Mass. 335, 338–340. *George H. Sampson Co.* v. *Commonwealth*, 202 Mass. 326, 332. *Charles I. Hosmer, Inc.* v. *Commonwealth*, 302 Mass. 495, 498. *Arthur A. Johnson Corp.* v. *Commonwealth*, 306 Mass. 347, 351. *Chilton Club* v. *Commonwealth*, 323 Mass. 543, 545–546. Compare *Kennedy* v. *Commonwealth*, 182 Mass. 480; *Executive Air Serv. Inc.* v. *Division of Fisheries & Game*, 342 Mass. 356, 359.

The effect of the statute, if obligatory, is to give a subcontractor a direct right such as it would have had under a contract between it and the Commonwealth. See, for a petition under G. L. c. 258 in respect of such a contract, *M. DeMatteo Constr. Co.* v. *Commonwealth*, 338 Mass. 568.

So far as the obligation is unlike an obligation under a direct contract between the Commonwealth and Pioneer, the distinction has been considered and disregarded in the *Nash* case, *supra*. There the Commonwealth had funds of the contractor which, under Pub. Sts. c. 16, § 64, were security for payment of the subcontractor's bill.[1] The contract provided that the "Commonwealth may keep any

---

[1] The statute required the contracting officers to "obtain sufficient security, by bond or otherwise, for payment by the contractor and by all sub-contractors for all labor performed or furnished, and for all materials used in such construction . . . ."

moneys which would otherwise be payable hereunder, and apply the same to the payment of . . . all claims . . . notice of which . . . shall have been filed . . . or may . . . apply such moneys thereto." (P. 337.) It was held that the Commonwealth held the retained sums, under the provision of the contract and the statute, as trustee for the subcontractor. "The purpose . . . was to secure the . . . claim, and the Commonwealth . . . is under an implied obligation to hold . . . [the fund] for that purpose." (Pp. 337–338.) This court held in a majority opinion that the claim to the fund was within the scope of c. 195, as amended by St. 1887, c. 246, which statute is the forerunner of G. L. c. 258.

We think that § 39F created an obligation. The language is mandatory. The "awarding authority shall make . . . [the payment which] shall [pro tanto] discharge . . . [its obligation] to the general contractor." We see no basis for assuming that the legislature was making only a suggestion of good practice. The legislative history tends to show the contrary.[1]

The Commonwealth relies on the circumstance that the specified security for the payment of subcontractors is now only a surety bond under G. L. c. 149, § 29, as appearing in St. 1957, c. 682, § 1, whereas formerly by c. 30, § 39 (now repealed), the security was to be by "bond or otherwise."[2] It seeks to distinguish the *Nash* case on this ground. That statutory change does not, however, suggest that c. 30, § 39F, was to be meaningless. By the change, rights against retained funds were given only under § 39F, but the language used therein was appropriate to create rights. It is relevant, as the Commonwealth contends, that G. L. c. 30, § 39, provided that c. 258 should apply to petitions to en-

---

[1] Proposed bills in 1954 (House 1570, House 1572, House 2528, Senate 516) either had permissive language ("may make . . . payment") or (No. 2528) omitted any such provision. Senate 778 and House 2602, as reported, included the mandatory language of the enactment (House 2602 as amended).

[2] St. 1955, c. 702, § 1, deleted the words "or otherwise" from c. 30, § 39, which was repealed by St. 1957, c. 682, § 2.

force rights in the security taken thereunder, and that there is no comparable provision in the new statutes. This may show legislative awareness that the primary proceeding under G. L. c. 149, § 29, would always be against the bonding company, and it does suggest that the general court was not giving thought to how the right under G. L. c. 30, § 39F, would be enforced. It does not, however, negative the intent which we find in § 39F that it be effective to assure prompt payment to the subcontractor. The *Nash* case shows that in the absence of an express reference to G. L. c. 258 (or its forerunner), an intent to provide for payment by a State agency from a retained fund creates an obligation for which the Commonwealth may be sued.

The obligation imposed by the statute is not merely, as the Commonwealth contends, to include the substantive provision in every "contract . . . [in respect of certain] public building[s] or public works" as the first sentence of § 39F makes mandatory. The obligation of the awarding authority to make payments stems from the express mandate of the statute; and the inclusion of the provision in the contract assures the contractual assent of all concerned.

The legislative intent to impose an obligation is suggested by the provision for interest in G. L. c. 30, § 39K, inserted by St. 1961, c. 627, § 1. Section 39K applies to contracts for public buildings only and requires payments to contractors after specified elapsed periods and deductions including "retention for direct payments to subcontractors based on demands . . . [under] section thirty-nine F . . . ." "If the awarding authority fails to make payment as herein provided, there shall be added to each such payment daily interest at the rate of five per cent per annum . . . . The contractor agrees to pay to each subcontractor a portion of any such interest paid in accordance with the amount due each subcontractor."

There is also a provision in § 39G, as amended through St. 1957, c. 360, for the payment of interest on delayed payments to contractors under contracts for public buildings and specified public works.

It would be anomalous to impose an obligation on the awarding authority to make the specified payment, without recognizing an obligation on the Commonwealth to make good on its failure to do so.

2.   The petition for writ of mandamus was rightly dismissed in view of the remedy under G. L. c. 258 (point 1, *supra*).

3.   The order for judgment dismissing the petition for a writ of mandamus is affirmed.   The order sustaining the demurrer to the petition under G. L. c. 258 is reversed and an order overruling the demurrer is to be entered in the Superior Court.

*So ordered.*