Gershengorn, J.
BACKGROUND
Plaintiff, Revoli Construction Co., Inc. (“Revoli") is a general contractor principally engaged in the construction of water and sewer projects. Defendant, Town of Andover (“Andover”) hired Revoli as the general contractor to install water mains in Andover. The contract, denominated as “ 1997 Water mains, Second Phase,” was awarded to Revoli on August 27, 1997 pursuant to the provisions of G.L.c. 30, §39M(a). On August 28, 1997, Co-defendant, Plate and Patch Corp. (“Plate & Patch”), executed a written agreement with Revoli whereby Plate & Patch agreed to “furnish and install all of the Flowable Fill shown on the Drawings / or described in the Specifications” for the project. Plate & Patch, allegedly without legal justification or excuse, abandoned the project before completing its work, thereby requiring Revoli to retain a successor contractor to furnish and install the flowable fill that Plate & Patch had contracted to complete.
On approximately May 6, 1998, Plate & Patch made a request for direct payment to Andover for $40,593.83 pursuant to G.L.c. 30, §39C(d). On May 15, 1998, within ten days of the demand for direct payment by Plate & Patch, Revoli responded in writing to Andover and Plate & Patch, stating that Plate & Patch was not an eligible subcontractor under the provisions of G.L.c. 30, §39F and therefore was not eligible for direct payment from Andover. The response further alleged large back pay charges against Plate & Patch.
In June 1998, Revoli substantially completed all of its work on the project. On April 2, 1999, Andover informed Revoli that they had completed the work for Andover. Andover continues to hold the $40,593.83 requested by Plate & Patch. This amount is owed to Revoli for work completed, all of such work being in conformance with the contract documents. Except for the demand for direct payment by Plate & Patch, which Revoli contends is without lawful affect, Revoli asserts that Andover has no reason to withhold the money from Revoli for work done on the project.
Andover asserts that it is merely a stakeholder in a dispute between Revoli and P&P and has therefore offered to place the disputed funds into a joint bank account. The Andover Treasurer sent requests to both Revoli and P&P for signature cards to open a join account but received no response from either party.
DISCUSSION
Pursuant to G.L.c. 30, §39F, contractors on public housing contracts and public works contracts are required to pay subcontractors “forthwith” after receiving payment for a periodic estimate for labor or materials supplied by the subcontractor, less any amount in court orders barring such payment and less the amount of any claims by the contractor against the subcontractor. The awarding authority is required to take reasonable steps to compel the general contractor to make each payment to each subcontractor.
In the event that such payments are not made, certain subcontractors in public projects are entitled to demand direct payment of sums due from the general contractor directly from the awarding authority. G.L.c. 30, §39F(d). Specifically, under G.L.c. 30, §39F(d):
If, within seventy days after the subcontractor has substantially completed the contract work, the subcontractor has not received from the general contractor the balance due under the subcontract. . . , the subcontractor may demand direct payment of that balance from the awarding authority Within ten days after the subcontractor has delivered or so mailed the demand to the awarding authority and delivered or so mailed a copy to the general contractor, the general contractor may reply to the demand.
For contracts awarded under G.L.c. 30, §39M, subcontractors eligible for direct payment are those persons approved by the awarding authority in writing as a person performing labor or both performing labor and furnishing materials pursuant to a contract with the general contract. G.L. c. 30, §39F(3)(ii).
In this case, Revoli contends that there are back-charges by Revoli against Plate & Patch for its failure to complete its work and consequently, for the delays caused. Accordingly, Revoli has not paid Plate & Patch the amount that it alleges to be due. Andover is now withholding from Revoli money that is the subject of the direct payment from Plate & Patch. Revoli asserts that Andover is inappropriately withholding money because, pursuant to G.L.c. 30, §39F(3)(ii), Plate & Patch is not eligible to make a direct payment request. Specifically, Revoli alleges that Plate & Patch was never approved in writing from Andover and therefore Andover cannot retain money from Revoli based on a request for direct payment from Plate & Patch, an ineligible contractor.
On the other hand, Plate & Patch contends that it is entitled to these funds, as it complied with the direct payment demand and deposit procedure of G.L.c. 30, §39F. Moreover, it disputes Revolts argument that Plate & Patch is not an eligible subcontractor by pointing to project reports which indicate that Andover and Camp Dresser McKee (“CDM”), the town engineer, acknowledged and approved Plate & Patch as a subcontractor. The question before this Court, therefore, is whether such an acknowledgment is sufficient to constitute an approval in writing as required under G.L.c. 30, §39F(3)(11).[2] This is an issue of first impression for this Court.
G.L.c. 30, §39F does not specify any particular form of written approval and no court in the Commonwealth has construed this language. As a general rule, however, “[w]ords and phrases [in statutes] shall be construed according to the common and approved usage *690 of the language . . . Moy v. Jack Madden Ford Sales, Inc., 4 Mass.App.Ct. 102, 105 (1976). So construed, the verb ’’approve" means simply “to confirm or consent to officially; sanction . . . The American Heritage Dictionary (2nd Ed.), 122 (1985).
Through several of its project records, Andover, the awarding authority, and its engineer, CDM, clearly acknowledged and consented to P&P performing work pursuant to a contract with Revoli. Specifically, CDM’s daily reports, for at least the first seven days of the project expressly reference P&P as a subcontractor on the project providing labor, materials and equipment. Moreover, attendance sheets from the meeting minutes indicate that P&P was present at the preconstruction meetings.
Although Andover never sent a letter specifically approving P&P as a subcontractor, there is really no doubt, nor does Andover dispute, that P&P was at least implicitly consented to by Andover. Accordingly, for the purposes of this statute, this Court holds that P&P was an eligible subcontractor, and therefore could assert its rights under the direct payment statute. See Reeve v. Folly Hill Limited Partnership, 36 Mass.App.Ct. 90, 93-4 (1994) (although never approved in writing, the actions taken implicitly affirmed and did otherwise ratify the additional costs incurred in allowing the completion of the construction project). To hold otherwise would favor form over substance.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs motion be DENIED.

 At the hearing, Revoli argued that Plate & Patch did not substantially complete its performance under the subcontract. Plate & Patch disputes this allegation. Whether Plate & Patch substantially completed its work is not an issue appropriately before this Court at this time. The sole issue before this Court is whether Plate & Patch was an eligible subcontractor and thus appropriately made a demand for direct payment. Any dispute between Revoli and Plate & Patch as to amounts owed need not and cannot be resolved at this juncture. If P&P was an eligible subcontractor and therefore appropriately made the request for direct payment, it is certainly appropriate and in accordance with the purpose of the statute for Andover to hold the money owed pending resolution of the dispute between Revoli and P&P. To require otherwise would place the burden on the awarding authority to resolve disputes between the general contractor and the subcontractor. This could not have been the legislature’s intent in establishing this statute.